**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Anthony Lapinsky and } | |
| Colleen Smith } | |
| } | Docket No. 118-5-02 Vtec |
| } | |
| } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicants Anthony Lapinsky and Colleen Smith appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Stowe reversing the Administrative Officer= s grant of a zoning permit to them. Appellants are represented by Edward B. French, Jr., Esq. and Jennifer Colin Dall, Esq.; the Town is represented by Amanda S. E. Lafferty, Esq.; Interested Persons Edward Frey, Evelyn Frey, George von Trapp, Patricia von Trapp, Leo Clark, Suzanne Clark, Donna Higgons and Warren Higgons, are represented by George E. H. Gay, Esq.

All of the parties have moved for summary judgment on the issue posed by Questions 1 and 2 of the Statement of Questions, disputing the correct interpretation of ' 4.1(4) of the Zoning Ordinance.

The following facts are undisputed unless otherwise noted. No material facts necessary for the decision of the motions are disputed.

Appellants own approximately 21 acres of property located in both the Rural Residential 5 zoning district and in the Ridgeline and Hillside overlay zoning district, including combined Lots 14 and 15 in the Little River Farm subdivision (subject to Act 250 permit #5L1018, as amended) and an adjoining parcel, Lot G, in the Lower Leriche Farm subdivision (subject to Act 250 permit #5L0426, as amended). Appellants= residence is located on Lots 14/15.

Condition #14 of the Act 250 permit applicable to Lots 14/15 (Land Use Permit #5L1018 (Reconsideration)) required that no access be provided for Lot G from the Little River Farm tract of land (including Lots 14/15). At some time after[1] the Act 250 permit had been issued, a connecting private road or driveway (the connector road at issue in this appeal) was installed between Lots 14/15 and Lot G.

On December 28, 2001 the Assistant District Coordinator for the District 5 Environmental Commission issued a Notice of Alleged Violation to Appellants, alleging that the connecting roadway between Lot G and Lots 14/15 never received an Act 250 permit or permit amendment, and violated the existing permit condition prohibiting such a connecting roadway. It allowed Appellants the opportunity to cure the violation by applying for an Act 250 permit amendment, which Appellants submitted on March 12, 2002. That application remains pending. For the purposes of the present motion, it is not necessary to determine whether the connector road violated Act 250; it is only necessary to determine that Appellants have applied for an Act 250 permit amendment for the connector road.

On January 7, 2002, the Town= s Administrative Officer issued a Notice of Alleged Zoning Violation to Appellants, alleging that the connector road was installed without a town zoning permit and in violation of the Town=s Zoning Ordinance. Appellants applied for a zoning permit

requesting approval of the connector road. The Administrative Officer approved the application on February 1, 2002, noting only that it A Requires Prior Review of Stowe P[lanning] C[ommission] due to RHOD [Ridgeline and Hillside Overlay District]."[2]

Section 4.1(4) of the Zoning Ordinance states:

No zoning permit shall be issued until all necessary state approvals have been obtained, and a permit for sewage disposal has been obtained under the provisions of the Stowe Health Ordinance, if needed, or, when applicable, a permit for sewage disposal obtained from the Stowe Waste Water Treatment Facility.

This section is plain on its face. The zoning administrative officer is prohibited by this section from issuing a zoning permit until the project seeking zoning approval has first received all state permits needed for the project, and has also received town approval of its sewage disposal, whether under the town= s health ordinance or from the municipal wastewater treatment plant. Similarly, the zoning administrative officer is prohibited by ' 23.7 from issuing a zoning permit until the project seeking approval has first obtained any other town approvals required from the Planning Commission, the Board of Adjustment or the town Health Officer. Nothing about the prohibitions in either ' 4.1(4) or ' 23.7 prevents an applicant from applying for and pursuing all required town and state approvals concurrently or in any desired sequence[3]. These sections only prevent the zoning administrative officer from issuing the zoning permit that is the final step in the town approval sequence.

If this sequencing is a poor policy choice, as Appellants suggest, it is the choice made by the plain language of the Stowe Zoning Ordinance. That policy choice may be altered by amendment of the Zoning Ordinance to change that requirement, not by this Court.

Appellants argue the word A necessary@ makes ' 4.1(4) ambiguous. It does not. If an applicant contests whether a particular state permit is necessary for a particular proposal, such a challenge must be resolved in front of the state body with jurisdiction over the particular state program. It cannot be up to any town official to make the determination of whether a particular state permit is required. But if, as in the present case, the applicant for a town zoning permit has also submitted an application for a state permit or permit amendment for the same project, the Zoning Administrator must wait until the state permit has been acted upon before proceeding to issue the town zoning permit.

Appellants have an Act 250 permit amendment application pending, requesting as-built approval of the connector road. An Act 250 permit amendment is a state approval; the state agency charged with administering Act 250 has determined that the approval was > necessary.= Appellants have not yet obtained that necessary state approval, or, if they are contesting whether it is required, have not yet obtained a ruling from the Act 250 program that it is not required. Under the plain meaning of ' 4.1(4) the Administrative Officer was precluded from issuing the requested zoning permit until Appellants had obtained the Act 250 permit amendment. The ZBA correctly reversed the Administrative Officer= s action.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Summary Judgment is GRANTED to the Town and the Interested Parties, and is DENIED to Appellants, on Questions 1 and 2 of the Statement of Questions. On or before October 21, 2002, Appellants shall state in writing whether they wish to proceed with this appeal under the remaining question[4] in the Statement of Questions, or whether this decision may be entered as a final order in this matter, concluding the appeal. If nothing is received from Appellants at the Court by October 21, 2002, this decision and order will become final and appealable as of that date.

Done at Barre, Vermont, this 11th day of October, 2002.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] The question of whether the connecting road was built before or after Appellants acquired their property in 1999 is not material to the zoning issues in this appeal.

[2.] The parties have not raised the issue of whether the zoning permit also should have been or was in fact withheld until the Planning Commission had approved the application, under §23.7.

[3.] From the choice of news reports attached to Appellants' October 4, 2002 memorandum, it appears that Appellants may confuse these concurrent actions of the ZBA to consider a conditional use application, variance, or planned unit development application, with the zoning administrator's later ministerial issuance of a zoning permit after all the other local and state approvals have been obtained.

[4.] If they do wish to proceed, the parties should note that the standards laid out in In re Letourneau, 168 Vt. 539, 549 (1998) will apply. Appellants must show an impermissible motive, not merely that they have been treated differently from other applicants, or that the administrative officer issues other permits while the state approvals are pending.